

**Kevin P. Mulry**
Partner

Direct Dial: 516.227.0620
Direct Fax: 516.336.2262
kmulry@farrellfritz.com

400 RXR Plaza
Uniondale, NY 11556
www.farrellfritz.com

Our File No.
30683-100

October 19, 2018

**BY ECF**
Honorable Sanket J. Bulsara
United States Magistrate Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *United States ex rel. Gelman, et al. v. Donovan, et al.*
        *No. 12-5142 (RJD) (SJB)*

Dear Judge Bulsara:

We represent Relator Irina Gelman ("Relator") in the above-captioned action.   Relator respectfully submits this letter in response to Court's Order dated September 27, 2018 for the Parties to "submit letter briefs on the temporal scope of discovery."  For the reasons stated herein, Relator respectfully requests that the temporal scope for outstanding discovery requests should be the period from July 1, 2010 through June 30, 2013, which is the time-period within which Defendants state they have made and continue to make production of documents.[1]

**The Amended Complaint Alleges Fraudulent Conduct Beginning In 2006**

In her Amended Complaint, doc. no. 26, Relator alleges that fraud permeated the Podiatric Medicine and Surgery Residency Program ("PMSR Program") at Coney Island Hospital ("CIH"). Relator alleges that certain residents were unpermitted and could not lawfully treat patients, podiatric residents were unsupervised, medical records were altered and falsified, and PMSR Program policies were virtually nonexistent.  Relator alleges that Defendants fraudulently billed Medicare and Medicaid for non-reimbursable teaching physician services, hospital services incorporating non-reimbursable podiatry resident services, and Graduate Medical Education ("GME") costs associated with a fraudulent PMSR Program.   Relator alleges that the PMSR Program itself failed to meet the requirements of the Council on Podiatric Medical Education, and the presentation of cost reports for GME reimbursement to Medicare and Medicaid without

---

[1]     As discussed in this letter, Relator does not believe there is a current dispute between the Parties on the temporal period for outstanding discovery requests, and proposed to Defendants that motion practice could be avoided by agreement.

Honorable Sanket J. Bulsara
Page 2

disclosing pervasive program fraud and other core deficiencies constituted cost report fraud. The Amended Complaint alleges that the fraud occurred from at least 2006, which is when Dr. Glenn J. Donovan became the PMSR Program Director. *See* Amended Complaint at ¶¶ 54, 59, 64, 79, 97.

By Memorandum and Order dated September 25, 2017, doc. no. 77, the Court denied Defendants' motion to dismiss.

**Defendants Did Not Object To The Temporal Scope Of Relator's Document Demands**

Relator served her First Set of Document Demands (attached as Exhibit A) on April 29, 2016. Relator sought production of documents from January 1, 2010 to the present.

Defendants served their Responses and Objections to Relator's First Set of Document Demands (attached as Exhibit B) on July 25, 2016. In their response, Defendants did not object to the temporal scope of the First Set of Document Demands. Any such objection to the temporal scope of the document demands was therefore waived. In addition, for most of the requests, Defendants responded that, subject to generalized objections, "Defendants will produce relevant non-privileged documents, if any exist, that are responsive to this Request." A summary of the categories of documents Defendants have agreed to produce from the initial document request is attached as Exhibit C. Relator also served two additional document requests. *See* Relator's Second Set of Document Demands and Defendants Responses (attached as Exhibits D and E); Relator's Third Set of Document Demands and Defendants' Responses (attached as Exhibits F, G, and H).

**Defendants Still Have Not Completed Their Production Of Documents**

Defendants have still not completed their production of documents in response to Relator's outstanding document requests. To date, Defendants have made eight separate productions of documents and have produced over 240,000 pages of documents. Defendants have stated that the documents that they have produced cover the period from July 1, 2010 through June 30, 2013. In addition, Defendants have made seven separate requests to the Court for extensions of time to respond to outstanding document requests. *See* doc. nos. 71, 76, 78, 80, 86, 88, 90.

Relator's counsel has consented to these requests for extensions of the time to complete document production, based on the explanations from Defendants that they were working through production issues and that certain information is difficult to obtain. However, some of the most critical information, in particular claims, billing and payment information, has yet to be produced.

At the September 27 conference, the Parties proposed that the most efficient manner of staging Defendants' completion of production, and particularly of claims, billing and payment information, is for Defendants to first produce such information for Dr. Quinton P. Yeldell and Dr. Michael Walters during the period when each did not have a limited residency permit (from July 1, 2011 until March 2012 for Dr. Yeldell and from July 30, 2010 to June 30, 2011 for Dr. Walters). This would allow Defendants to make a production more limited in scope as to persons and time. It would also allow the Parties to determine if any problems exist with respect

Honorable Sanket J. Bulsara
Page 3

to the production on  a smaller scale, before that information is produced for more residents for the full three year period.

Defendants stated at the September 27 conference that these documents could be produced in approximately a week.  However, these documents have not yet been produced.

**Counsel For Relator Proposed A Reasonable Resolution Of This Dispute To Defendants**

Your Honor's Individual Rules provide that counsel "must make a good faith effort, pursuant to Local Civil Rule 26.4 and FRCP 37(a)(1), to resolve disputes, including discussion either by telephone or in person, before making a motion."

In an effort to avoid unnecessary motion practice with respect to the temporal period for outstanding discovery, counsel for Relator contacted counsel for Defendants New York City Health and Hospitals Corporation ("HHC") and Physician Affiliate Group of New York, P.C. ("PAGNY") earlier this week to propose a resolution by which Relator would agree to the time period advocated by Defendants for the outstanding discovery requests—July 1, 2010 through June 30, 2013—without prejudice to later discovery requests for information from other periods and without prejudice to Defendants raising objection to any such requests.  Counsel for Defendants declined this proposal.

**Relator's Proposed Temporal Period For Outstanding Discovery Is Reasonable**

Relator proposes that the temporal period for the outstanding document requests should be the period that has been identified and requested by the Defendants, from July 1, 2010 through June 30, 2013.  This period is narrower than the period requested in the document requests, but Relator submits that Defendants' chosen time-period should be adopted for several reasons.

First, Defendants waived any objection to the temporal scope in Relator's First Set of Document demands, January 2010 to the present, by failing to object to that temporal period.

Second, the three year period is plainly relevant, as it includes the time-period from Relator's commencement of work in the PMSR Program, through her termination, and for a reasonable period thereafter.[2]

Third, Relator seeks to move discovery forward without further delays.  Our understanding is that the primary category of documents that have not been produced is claims, billing and payment information.  In order to expedite discovery, the Parties had proposed to the Court that the first stage of production of such information be for a narrower period for Drs. Yeldell and Walters, as described above.  Production of such information for two residents, in a narrower period, will allow the Defendants to provide more limited information, provide a method for

---

[2]      Relator does not concede that the period preceding her participation in the PMSR Program and after Dr. Donovan became PMSR Program Director is irrelevant.  As noted, the Amended Complaint, which was upheld by Judge Dearie in denying the Motion to Dismiss, explicitly alleges that the PMSR Program-related fraud occurred from at least 2006, which is when Dr. Donovan assumed the role of PMSR Program Director.

Honorable Sanket J. Bulsara
Page 4

Defendants to identify and produce this information, and allow the Parties to address any problems or deficiencies with this limited production prior to production for the 2010-2013 period.  Relator also seeks to obtain at least some portion of the claims, billing and payment information as soon as possible in an effort to move discovery forward.

**The Issue Of Whether Discovery For The Period**
**Before 2010 Or After 2013 Is Relevant Is Premature**

Relator further submits that the Court cannot and should not at this time decide a temporal scope for all discovery.  Such a determination would be premature where Relator has agreed to limit discovery for outstanding document requests to the three year period proposed by Defendants.  Moreover, any decision by the Court on that issue should be informed by any relevant information from documents produced, documents that have not yet been produced, and deposition testimony.  Relator will more fully address this issue in the opposition letter permitted by the Court in the event Defendants seek to argue for a protective order preliminarily restricting the temporal scope of discovery.

**Defendants Should Be Required To Identify Document Requests**
**They Have Not Objected To That They Have Not Yet Produced**

Defendants did not object to most of the document requests in Relator's First Set of Document Demands.  *See* Exhibit C.  Similarly, Defendants did not object to most of the document requests in the subsequent document requests.  *See* Exhibits E, G, and H.  In the Parties' submission to the Court dated September 10, 2018, doc. no. 92, Defendants agreed to provide a general statement to Relator of the documents and information that are still outstanding based on the discovery requests served to date on or before October 25, 2018.  As discussed at the September 27 conference, Relator seeks a clear understanding from Defendants as to the categories of documents that they have agreed to produce that have not yet been produced.  For that reason, Relator requests that Defendants be required to provide a written statement of the categories of documents that have not yet been produced.

Respectfully submitted,

*s/ Kevin P. Mulry*

Kevin P. Mulry

cc:    All counsel
       (By ECF)

FF\7816014.1