UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------- x
UNITED STATES OF AMERICA and         : Case No. CV-12-5142 (RJD/MDG)
NEW YORK STATE, ex rel.              :
IRINA GELMAN, DPM,                   : **RELATOR'S**
                                     : **FIRST SET OF**
         Plaintiff,                  : **DOCUMENT DEMANDS**
                                     :
    -against-                        :
                                     :
GLENN J. DONOVAN, DPM, NEW           :
YORK CITY HEALTH and HOSPITALS       :
CORPORATION and PHYSICIAN            :
AFFILIATE GROUP OF NEW YORK, P.C.,   :
                                     :
         Defendants.                 :
                                     :
-------------------------------- X

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and Local Civil Rule 26.3 of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), Relator Irina Gelman ("Relator"), by her attorneys of record, requests that Defendants produce the following documents on or before May 29, 2016 at the offices of Farrell Fritz, P.C., 1320 RXR Plaza, Uniondale, New York 11556.

Pursuant to the Individual Practice Rules of Magistrate Judge Steven L. Tiscione, this First Set of Document Demands is prepared for Phase I Discovery and is without prejudice to the service by Relator of additional discovery demands.

## DEFINITIONS

1. These Requests incorporate by reference and utilize the Uniform Definitions in Discovery Requests of Rule 26.3 of the Local Rules, as well as those found in Rules 26 through 37 of the Federal Rules.

2. "Action" refers to the above-captioned action.

3. "Amended Complaint" means the Amended Complaint in the Action dated July 31, 2015.

4. "Relator" means Relator Irina Gelman, DPM.

5. "CIH" means Coney Island Hospital.

6. "HHC" means New York City Health and Hospitals Corporation.

7. "Dr. Donovan" means Defendant Glenn J. Donovan, DPM.

8. "PAGNY" means Physician Affiliate Group of New York, P.C.

9. "PMSR Program" means the podiatric medicine and surgery residency program at CIH.

10. "CPME" means the Council on Podiatric Medical Education.

11. Any word or term not specifically defined herein or in the Local Rules shall be construed in accordance with that word or term's generally known and broadest possible meaning.

## INSTRUCTIONS

1. For each document for which production is requested, produce the entire document, along with all attachments, appendices, and exhibits.

2. All drafts and non-identical copies of a document are to be produced.

3. Pursuant to Rule 34(b) of the Federal Rules, documents shall be produced as they are kept in the usual course of business. Alternatively, you may organize and label them to correspond with the categories in the Requests. If documents are produced as maintained in the ordinary course, provide a custodial index indicating the individuals and departments that maintained the documents in the ordinary course.

4.      Pursuant to Rule 26(e) of the Federal Rules, these Requests are continuing in nature. If, at any time, you obtain additional documents responsive to these Requests, you must promptly supplement or amend your responses to these Requests and produce all additional documents responsive to these Requests.

5.      These Requests cover all documents in the Defendants' possession, custody, or control, and all documents in the possession, custody, or control of those from whom Defendants have the ability or right to obtain such documents, including but not limited to Defendants' agents, attorneys, employees, investigators, representatives, physicians, counselors or other person acting on Defendants' behalf, as well as any third party or parties who, upon request, would surrender possession, custody, or control to Defendants.

6.      If any documents requested were once in Defendants' possession, custody, or control, but are no longer, Defendants must identify in writing each such document including the name and address of its present custodian, if any, or the circumstances under which the document was lost, destroyed, or otherwise disposed of and the date thereof.

7.      Pursuant to Rule 26(e) of the Federal Rules, these Requests seek production of documents acquired or prepared up to and including the date of service of the Requests.

8.      If any document responsive to these Requests is withheld on the ground of privilege (including work product), Defendants must provide: (a) a description of the document, including its type (e.g., letter or memorandum) and subject matter; (b) the date of the document; (c) the author or other person who prepared the document; (d) all addresses and recipients of the document; (e) the present or last known custodian of the document; (f) where not apparent, the relationship of the author, addresses, and recipients to each other; and (g) the nature of the

privilege or other ground asserted for withholding the document and the factual and legal basis thereof.

9. Defendants must produce all responsive documents without regard to whether such documents are in the possession, custody, or control of Defendants or are otherwise available to Defendants.

10. All phrases following the term "including" are intended to illustrate the kinds of information responsive to each Request. Such examples are not intended to be exhaustive of the information sought by the Request and shall not in any way be read to limit the scope of the Request.

11. If you refuse to produce a document on the ground that compliance with a Request would be unduly burdensome, set forth the number and nature of documents that would need to be searched if documents called for by the Request were to be produced, the location of such documents, the number of person-hours that it would take to conduct such a search, and the costs that would be involved in conducting such a search.

12. To the extent that you believe any Request is vague or imprecise, counsel for Relator offers to meet and confer as to the intended scope of such Request prior to your response hereto.

13. Unless otherwise stated in a particular request, the time period covered by the document requests is from January 1, 2010 to the present.

## DOCUMENT REQUESTS

1. Documents, including email communications, concerning communications between Relator and Dr. Donovan.

2. Documents concerning Dr. Donovan's calendar or schedule, including times when he was physically present at CIH and times when he was at other places, including at his private offices, at conferences, or on travel.

3. Documents concerning Dr. Donovan's employment status with CIH, HHC and/or PAGNY.

4. Documents reflecting billing of Medicare and Medicaid for hospital services provided by podiatry residents to patients treated at Coney Island Hospital for: (a) patients in the CIH Outpatient Podiatry Clinic; (b) emergency room patients who are not admitted as inpatients; and (c) any other patients who are classified as outpatients.

5. Documents reflecting billing of Medicare and Medicaid for podiatry teaching physician services provided at Coney Island Hospital for: (a) patients in the CIH Outpatient Podiatry Clinic; (b) patients admitted as inpatients; and (c) emergency room patients.

6. Documents reflecting or supporting requests for funding or reimbursement from Medicare and Medicaid for graduate medical education ("GME") costs associated with the CIH PMSR Program.

7. Documents reflecting receipt of funds from Medicare and Medicaid for hospital services provided by podiatry residents for patients treated at Coney Island Hospital for: (a) patients in the CIH Outpatient Podiatry Clinic; (b) emergency room patients who are not admitted as inpatients; and (c) any other patients who are classified as outpatients.

8. Documents reflecting receipt of funds from Medicare and Medicaid for podiatry teaching physician services provided at Coney Island Hospital for: (a) patients in the CIH Outpatient Podiatry Clinic; (b) patients admitted as inpatients; and (c) emergency room patients.

9. Documents reflecting receipt of funding or reimbursement from Medicare and Medicaid for graduate medical education ("GME") costs associated with the CIH PMSR Program.

10. Documents concerning training materials provided to podiatry residents in the CIH PMSR program.

11. Documents concerning any program manuals for the CIH PMSR program, including any podiatry residency manual.

12. Documents concerning training provided to podiatry residents at CIH on medical record keeping and on entries to residency case logs.

13. Documents concerning formal evaluations provided to podiatry residents in the CIH PMSR program.

14. Documents, including email communications, concerning training provided to podiatry residents in the CIH PMSR Program.

15. Documents, including email communications, concerning supervision of podiatry residents in the CIH PMSR Program.

16. Documents, including email communications, concerning treatment provided by residents in the CIH PMSR program.

17. Documents, including email communications, concerning billing for services provided by residents in the CIH PMSR program.

18. Documents concerning any medical license or limited residency permit held by or applied for by: (a) Dr. Quinton P. Yeldell ("Dr. Yeldell"); or (b) Dr. Michael Andrew Walters ("Dr. Walters").

19. Documents, including email communications, concerning Dr. Yeldell's lack of a valid limited residency permit.

20. Documents concerning surgical procedures performed by Dr. Yeldell at CIH between July 2011 and March 2012.

21. Documents concerning prescriptions written by Dr. Yeldell at CIH between July 2011 and March 2012.

22. Documents, including email communications, concerning Dr. Walters' lack of a valid limited residency permit.

23. Documents concerning surgical procedures performed by Dr. Walters at CIH between July 2010 and June 2011.

24. Documents concerning prescriptions written by Dr. Walters at CIH between July 2010 and June 2011.

25. Documents reflecting billing of, or receipt of funds from, Medicare or Medicaid for surgical procedures performed at CIH by Dr. Yeldell or Dr. Walters.

26. Documents concerning communications between CPME and CIH with respect to any deficiencies in Dr. Walters' patient encounters, including a lack of biomechanical examinations.

27. Documents concerning any changes by Dr. Donovan to the Podiatry Residency Resource data base ("PRR").

28. Documents concerning any transfers of cases by Dr. Donovan in the PRR data base from Relator to other podiatry residents.

29. Documents, including email communications, concerning any request by Dr. Donovan to Dr. Walters with respect to an amendment of Dr. Walters' PRR logs.

30. Documents concerning any submissions by CIH to the CPME with respect to the credentialing of the CIH PMSR program.

31. Documents concerning any communications between CIH and CPME with respect to the credentialing of the CIH PMSR program.

32. Documents, including e-mail communication, concerning any complaints made by Relator concerning the CIH PMSR program.

33. Documents concerning the letter provided by Relator to the CIH Human Resources Department on or about June 5, 2012 with respect to the CIH PMSR Program's non-compliance with CPME requirements.

34. Documents concerning the report provided by Relator to the HHC compliance department on or about June 6, 2012 concerning fraudulent billing activities and lack of resident supervisions.

35. Documents concerning any communication or complaint from Relator to the CPME

36. Documents, including email communications, concerning any investigation of any complaint made by Relator concerning the CIH PSMR Program.

37. Documents, including email communications, concerning any response to any complaint made by Relator concerning the CIH PSMR Program.

38. Documents, including email communications, concerning any corrective action taken with respect to any complaint made by Relator concerning the CIH PSMR Program.

39. Documents, including email communications, concerning any compliance plan with respect to billings of, or requests for funding or reimbursement from, Medicare and Medicaid for CIH podiatry services or the CIH PMSR Program.

40. Documents, including email communications, concerning a May 2012 audit of podiatry residents' PRR logs.

41. Documents, including email communications, concerning the reassignment of Relator from her clinical duties to the CIH library in or about May 2012.

42. Documents concerning a grievance filed by Relator concerning her reassignment from her clinical duties to the CIH library.

43. Documents concerning communications between CIH Human Resources Director Rodney Parker and Relator or Relator's representative with respect to Relator's grievance.

44. Documents concerning a potential resolution of Relator's grievance.

45. Documents concerning the decision to terminate Relator's employment and participation in the CIH PMSR program.

46. Documents concerning the termination of Relator's employment at CIH and participation in the CIH PMSR program.

47. Documents concerning CIH Human Resources Director Rodney Parker and Dr. Donovan with respect to Relator's grievance or Relator's termination.

Dated: Uniondale, New York
April 29, 2016

FARRELL FRITZ, P.C.

By: *Kevin P. Mulry*
Kevin P. Mulry
1320 RXR Plaza
Uniondale, New York 11566-1320
(516) 227-0700

Geoffrey R. Kaiser, Esq.
Kaiser Law Firm, PLLC
926 RXR Plaza
Uniondale, New York 11556-0926
Tel. (516) 570-3071

>David A. Zarett, Esq.
>Weiss Zarett Brofman Sonnenklar & Levy, P.C.
>3333 New Hyde Park Road, Ste. 211
>New Hyde Park, New York  11042
>Tel. (516) 627-7000
>
>*Attorneys for Relator Irina Gelman, DPM*

TO: Alan J. Brudner
Joseph V. Willey
575 Madison Avenue
New York, New York  10022
Tel:  (212) 940-8800
alan.brudner@kattenlaw.com
joseph.willey@kattenlaw.com

*Attorneys for Defendants New York City Health and Hospitals Corporation, and Glenn J. Donovan*