UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------ x
UNITED STATES OF AMERICA and : Case No. CV-12-5142 (RJD) (SJB)
NEW YORK STATE, ex rel. :
IRINA GELMAN, DPM, :
 :
                Plaintiff, :
 :
                -against- :
 :
GLENN J. DONOVAN, DPM, NEW :
YORK CITY HEALTH and HOSPITALS :
CORPORATION and PHYSICIAN :
AFFILIATE GROUP OF NEW YORK, P.C., :
 :
                Defendants. :
 :
------------------------------ X

## SETTLEMENT AGREEMENT AND ORDER

This Settlement Agreement (the "Agreement") is entered into by Glenn J. Donovan, DPM ("Dr. Donovan"), New York City Health and Hospitals Corporation ("NYC Health + Hospitals") (Dr. Donovan, together with NYC Health + Hospitals, the "Defendants"), and Irina Gelman, DPM ("Relator") (hereafter, all of the above are collectively referred to as "the Parties"), through their authorized representatives.

## RECITALS

A.    Glenn J. Donovan, DPM, is a licensed podiatrist in the State of New York and the former Program Director of the podiatric medicine and surgery residency program ("PMSR") at Coney Island Hospital ("CIH"), a municipal hospital owned and operated by NYC Health + Hospitals, and located at 2601 Ocean Parkway, Brooklyn, New York.

B.    NYC Health + Hospitals is a public benefit corporation created by the New York

State legislature in 1969 for the purpose of administering New York City's public hospitals. N.Y. Unconsol. Laws § 7384. It is the largest municipal healthcare system in the nation.

C. Physicians Affiliate Group ("PAGNY") is a professional corporation that employs health care professionals. The Relator has agreed to dismiss PAGNY from this action with prejudice; accordingly, PAGNY is not a party to this Settlement Agreement.

D. On or about October 12, 2012, Relator filed an action in the United States District Court for the Eastern District of New York captioned *United States of America, et al., ex rel. Gelman vs. Glenn J. Donovan, DPM, et al.*, 12-CV-5142, pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b) and the New York False Claims Act, N.Y. State Fin. Law § 190(2). On or about August 4, 2015, Relator filed and served an amended complaint (the "Civil Action").

E. By Notices dated February 19, 2015, the United States and the State of New York declined to intervene in the Civil Action.

F. By Order dated September 25, 2017, all claims on behalf of the State of New York against NYC Health + Hospitals were dismissed (the "HHC Dismissal"). Nothing in this Agreement shall be construed as the State of New York challenging the propriety of said dismissal or otherwise re-asserting those claims as to NYC Health + Hospitals.

G. The Civil Action alleges that one or more Defendants submitted, or caused to be submitted, claims to, and received payments from, the Medicare Program, established pursuant to Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1 ("Medicare"), and New York's Medical Assistance Program, established pursuant to 42 U.S.C. §§ 1396-1396w-5

2

("Medicaid"), for a wide range of services provided to patients in New York.

H.  Relator contends in the Civil Action that the United States has certain civil claims against Defendants relating to the following Medicare Covered Conduct and Medicaid Covered Conduct as defined below (collectively, the "Covered Conduct"), and that the State of New York, as limited by the HHC Dismissal, has certain civil claims for the Medicaid Covered Conduct, only, during the period July 1, 2010 through December 31, 2014: Relator alleges in the Civil Action that the Defendants submitted or caused to be submitted claims for payment to Medicare and Medicaid, which violated Medicare and Medicaid program requirements governing payment for inpatient and outpatient hospital services for podiatry at CIH, payment for professional podiatrist services furnished by Dr. Donovan, and payment for the costs of direct and indirect graduate medical education relating to the podiatric and surgical residency program for podiatry residents at CIH; violated standards and requirements established by the Council on Podiatric Medical Education governing the podiatric medicine and surgery residency program at CIH; and submitted or caused to be submitted claims for payment for the costs of graduate medical education and indirect medical education, and for hospital and professional services in which certain podiatry residents at CIH participated, during periods when those podiatry residents lacked a Limited Residency Permit established pursuant to § 7008 of the New York Education Law. To the extent the Covered Conduct relates to claims submitted to, and payments received from, Medicare, the Covered Conduct is referred to herein as Medicare Covered Conduct. To the extent the Covered Conduct relates to claims submitted to, and payments received from, Medicaid, the Covered Conduct is referred to herein as Medicaid Covered Conduct.

3

I. The Parties intend for all allegations contained in the Amended Complaint in the Civil Action to be included in the Covered Conduct. To the extent the Amended Complaint in the Civil Action alleges conduct beyond the Covered Conduct, the Parties agree to stipulate to the dismissal of the claims by Relator with prejudice, as alleged in the Amended Complaint.

J. This Agreement is made in compromise of disputed claims. This Agreement is neither an admission of liability by Defendants nor a concession by the Relator that her claims are not well founded. Neither this Agreement, its execution, nor the performance of any obligation under it, including any payment, nor the fact of settlement, is intended to be, or shall be understood as, an admission of liability or wrongdoing by any Defendant, or other expressions reflecting upon the merits of the dispute, or any legal or factual defenses. Defendants deny that they engaged in any wrongdoing, and assert that they have legal and factual defenses. Defendants' position is that they acted properly and lawfully at all times, and that any claims against them are without merit.

K. Relator claims entitlement under 31 U.S.C. § 3730(d) and N.Y. State Fin. Law § 190(6) to a share of the proceeds of this Agreement and to Relator's reasonable expenses, attorneys' fees and costs.

L. To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Agreement, the Parties agree and covenant as follows:

## TERMS AND CONDITIONS

1. Defendants shall pay to the United States and the State of New York a total settlement amount of One Million Two Hundred Fifty Thousand Dollars and Zero Cents

4

Settlement Agreement, Civil Action No. 12-CV-5142
*U.S. et al. ex rel. Gelman vs. Glenn J. Donovan, DPM et al.*

Settlement Agreement, Civil Action No. 12-CV-5142
*U.S. et al. ex rel. Gelman vs. Glenn J. Donovan, DPM et al.*

($1,250,000.00) (the "Total Settlement Amount"). This amount shall be paid by Defendants as follows:

a. Defendants shall pay to the United States one million thirty thousand, three hundred and twenty-five dollars and zero cents ($1,030,325.00), which shall include payment for the Medicare Covered Conduct and payment of the United States' share of the recovery for the Medicaid Covered Conduct ("Federal Settlement Amount");

b. Defendants shall pay to the State of New York two hundred and nineteen thousand, six hundred and seventy-five dollars and zero cents ($219,675.00), which shall be payment of the State of New York's share of the recovery for the Medicaid Covered Conduct, only ("State Medicaid Settlement Amount").

2. Defendants shall make payment to the United States for the Federal Settlement Amount under the following terms and conditions: by electronic funds transfer pursuant to written instructions to be provided by the Office of the United States Attorney for the Eastern District of New York on its letterhead. Defendants agree to make this electronic funds transfer no later than twenty (20) business days after the later of the Effective Date of this Agreement or Defendants' receipt of the aforementioned written electronic funds transfer instructions.

3. Defendants shall make payment to the State for the State Medicaid Settlement Amount under the following terms and conditions: by electronic funds transfer pursuant to written instructions to be provided by the New York Attorney General's Office. Defendants agree to make this electronic funds transfer no later than twenty (20) business days after the later of the

5

Effective Date of this Agreement or Defendants' receipt of the aforementioned written electronic funds transfer instructions.

4. Defendants shall resolve by separate agreement payment to Relator for expenses, attorney's fees, and costs (the "Relator's Costs").

5. Subject to Defendants' obligations in Paragraph 1 above, the allocation of the Federal Settlement Amount and the State Medicaid Settlement Amount among the United States, the State of New York, and Relator is a matter that shall be and has been handled separately by and among Relator, the United States, the State of New York, and their respective advisors, without any involvement by or input from Defendants. Defendants were not consulted about the allocation of the Federal Settlement Amount and the State Medicaid Settlement Amount among the United States, State of New York, and Relator, nor have Defendants had any input into such allocation. For this reason, Defendants are not in a position to agree to the allocation and, as a part of the settlement, will not contest such allocation or be deemed to have endorsed or been responsible for any such allocation. Also for this reason, the allocation of the Federal Settlement Amount and the State Medicaid Settlement Amount shall not be deemed material to this Agreement, and therefore no dispute among or between one or more of, the State of New York, Relator, and/or the United States concerning the allocation of the Federal Settlement Amount and the State Medicaid Settlement Amount among the United States, the State of New York, and Relator shall be grounds for termination of this Agreement, nor shall any such dispute give anyone who is a Party to this Agreement the right to fail to perform its obligations under this Agreement.

6. Relator hereby agrees to dismiss PAGNY with prejudice from this action and shall

file a Stipulation of Dismissal with the Court in accordance with the terms set forth in paragraph 12 below.

7. Conditioned upon Defendants' payment of the Total Settlement Amount in accordance with Paragraph 1 and the payment of Relator's Costs in accordance with the separate agreement with Defendants referenced in Paragraph 4, Relator, for herself and for her heirs, successors, transferees, attorneys, agents, and assigns, agrees to dismiss with prejudice any currently pending claims against Defendants and each of their heirs, present and former predecessors, successors, trustees, subsidiaries, parents, assigns, directors, employees, managers, partners, affiliates, agents, agencies, departments, servants, attorneys, advisors, and other representatives of any of the foregoing (collectively, with Defendants, the "Defendants' Released Parties"), and to release Defendants' Released Parties from any and all claims that Relator has or may have against the Defendants' Released Parties, including without limitation, any civil monetary claim the Relator has or may have on behalf of the United States or the State of New York for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733 or the New York False Claims Act, N.Y. State Fin. Law §§ 189 *et seq.,* as well as any claim, action, suit, demand, right, cause of action, liability, judgment, damage or proceeding, of any kind that Relator may lawfully assert, whether sealed or unsealed (including attorneys' fees, penalties, punitive damages, costs and expenses of every kind and however denominated) which has been asserted or could have been asserted, or, in addition, to the extent they arise out of her participation in the podiatric medicine and surgery residency program at CIH, could be asserted in the future, under any source of law, contract, in equity or other right.

8. Relator, along with her heirs, successors, transferees, attorneys, agents, and assigns, shall not object to this Agreement but agrees and confirms that this Agreement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B) and N.Y. State Fin. Law § 190(5)(b)(ii).

9. Defendants fully and finally release Relator, and Relator's successors, transferees, heirs, assigns, agents, and attorneys, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Defendants have asserted, could have asserted, or may assert in the future against the Relator, and Relator's successors, transferees, heirs, assigns, agents, and attorneys, related to the matters set forth in the *qui tam* complaint filed in the Civil Action and the investigation and prosecution thereof.

10. This Agreement is intended to be for the benefit of the Parties only. The Parties do not release any claims against any other person or entity.

11. The Parties warrant that, in evaluating whether to execute this Agreement, they (a) have intended that the mutual promises, covenants, and obligations set forth herein constitute a contemporaneous exchange for new value given to Defendants, within the meaning of 11 U.S.C. § 547(c)(1), and (b) conclude that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange. Further, the Parties warrant that the mutual promises, covenants, and obligations set forth herein are intended to and do, in fact, represent a reasonably equivalent exchange of value that is not intended to hinder, delay, or defraud any entity to which Defendants were or became indebted on or after the date of this transfer, within the meaning of 11 U.S.C. § 548(a)(1).

12. Within five (5) business days following the latter of (i) the payment of the Total Settlement Amount described in Paragraph 1 above, and (ii) the payment of Relator's Costs described in Paragraph 4 above, attorneys for Relator and the Defendants shall promptly sign and file a Joint Stipulation of Dismissal of this Civil Action pursuant to Rule 41(a)(1), which will include a dismissal of defendant PAGNY. The dismissal shall be with prejudice as to Relator, and without prejudice as to the United States and the State.

13. Within ten (10) days of payment of the amounts described above in Paragraph 1 as well as in the separate agreement concerning Relator's Costs, Relator and her undersigned counsel agree to promptly return to counsel for Defendants, or to certify the destruction of, any and all documents taken by Relator from Coney Island Hospital to be used for the preparation of this lawsuit and all documents provided by Defendants to Relator and her attorneys during this lawsuit marked as "Confidential" ("Confidential Information"), including documents and electronically stored information in their possession, custody or control relating to this lawsuit. This provision does not preclude Relator from maintaining documents relating to her residency and employment at Coney Island Hospital that are not related to the False Claims Act allegations in this lawsuit that (a) were already in her possession at the filing of this action and (b) were not first provided to Relator and her attorneys by Defendants during this lawsuit. Relator represents that other than disclosures made to her attorneys, she has made no other disclosures of Confidential Information.

14. Except as expressly provided to the contrary in this Agreement with regard to Defendants' payment of Relator's Costs described in Paragraph 4, each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and

9

performance of this Agreement.

15. Each Party and signatory to this Agreement represents that it freely and voluntarily enters into this Agreement without any degree of duress or compulsion.

16. This Agreement is governed by the laws of the United States and State of New York. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Eastern District of New York. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

17. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

18. The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

19. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

20. This Agreement is binding on Defendants' successors, transferees, heirs, agents, and assigns.

21. This Agreement is binding on Relator's successors, transferees, heirs, agents, and assigns.

22. This Agreement is effective on the date upon which the Agreement is approved by the Court (the "Effective Date of this Agreement"). Facsimiles of signatures, and/or electronic signatures in the portable document format (.pdf) shall constitute acceptable, binding signatures

Settlement Agreement, Civil Action No. 12-CV-5142
*U.S. et al. ex rel. Gelman vs. Glenn J. Donovan, DPM et al.*

for purposes of this Agreement.

## DEFENDANT GLENN J. DONOVAN, DPM

Dated: June __, 2020

_____
GLENN J. DONOVAN, DPM

THE LAW OFFICE OF
KEIR N. DOUGALL, P.C.
Attorneys for Defendant
Glenn J. Donovan, DPM

Dated: June 26, 2020    By: _____
Keir N. Dougall, Esq.
THE LAW OFFICE OF
KEIR N. DOUGALL, P.C.
140 Broadway, 46th Floor
New York, NY 10005-1107
Tel: (212) 858-7576

11

Settlement Agreement, Civil Action No. 12-CV-5142
*U.S. et al. ex rel. Gelman vs. Glenn J. Donovan, DPM et al.*

## **DEFENDANT NEW YORK CITY HEALTH AND HOSPITALS CORPORATION**

NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION

Dated: June 25, 2020

By: _____
Andrea G. Cohen, Esq.
Senior Vice President & General Counsel

KATTEN MUCHIN ROSENMAN LLP
Attorneys for Defendant New York
City Health and Hospitals Corporation

Dated: June 26, 2020

By: _____
Joseph V. Willey, Esq.
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, New York 10022-2585
212-940-8800

12

Settlement Agreement, Civil Action No. 12-CV-5142
U.S. et al. ex rel. Gelman vs. Glenn J. Donovan, DPM et al.

## RELATOR IRINA GELMAN, DPM

Dated: June 24, 2020

_____
Irina Gelman, DPM

Dated: June 24, 2020

| FARRELL FRITZ P.C. | KAISER LAW FIRM, PLLC |
| Attorneys for Relator | Attorneys for Relator |

By: _Kevin P Mulry_  By: _____
Kevin P. Mulry, Esq.          Geoffrey R. Kaiser, Esq.
FARRELL FRITZ, P.C.           KAISER LAW FIRM, PLLC
1320 RXR Plaza                926 RXR Plaza
Uniondale, New York 11556-1320  Uniondale, New York 11556-0926
Tel. (516) 227-0620           Tel. (516) 570-3071

WEISS ZARETT BRONFMAN SONNENKLAR & LEVY, P.C.
Attorneys for Relator

By: _____
David A. Zarett, Esq.
WEISS ZARETT BRONFMAN SONNENKLAR & LEVY, P.C.
3333 New Hyde Park Road, Ste. 211
New Hyde Park, New York 11042
Tel. (516) 627-7000

13

Settlement Agreement, Civil Action No. 12-CV-5142
*U.S. et al. ex rel. Gelman vs. Glenn J. Donovan, DPM et al.*

## RELATOR IRINA GELMAN, DPM

Dated: June ___, 2020

_____
Irina Gelman, DPM

Dated:   June 23, 2020

FARRELL FRITZ P.C.
Attorneys for Relator

By: _____
Kevin P. Mulry, Esq.
FARRELL FRITZ, P.C.
1320 RXR Plaza
Uniondale, New York 11556-1320
Tel. (516) 227-0620

KAISER LAW FIRM, PLLC
Attorneys for Relator

By: /s/ Geoffrey R. Kaiser
Geoffrey R. Kaiser, Esq.
KAISER LAW FIRM, PLLC
926 RXR Plaza
Uniondale, New York 11556-0926
Tel. (516) 570-3071

WEISS ZARETT BRONFMAN SONNENKLAR & LEVY, P.C.
Attorneys for Relator

By: _____
David A. Zarett, Esq.
WEISS ZARETT BRONFMAN SONNENKLAR & LEVY, P.C.
3333 New Hyde Park Road, Ste. 211
New Hyde Park, New York 11042
Tel. (516) 627-7000

Settlement Agreement, Civil Action No. 12-CV-5142
U.S. et al. ex rel. Gelman vs. Glenn J. Donovan, DPM et al.

## RELATOR IRINA GELMAN, DPM

Dated: June ___, 2020

_____
Irina Gelman, DPM

Dated: June 24, 2020

FARRELL FRITZ P.C.　　　　　　　　　　KAISER LAW FIRM, PLLC
Attorneys for Relator　　　　　　　　　　Attorneys for Relator

By: _____　　　　By: _____
Kevin P. Mulry, Esq.　　　　　　　　　　Geoffrey R. Kaiser, Esq.
FARRELL FRITZ, P.C.　　　　　　　　　KAISER LAW FIRM, PLLC
1320 RXR Plaza　　　　　　　　　　　　926 RXR Plaza
Uniondale, New York 11556-1320　　　　Uniondale, New York 11556-0926
Tel. (516) 227-0620　　　　　　　　　　Tel. (516) 570-3071

WEISS ZARETT BRONFMAN SONNENKLAR & LEVY, P.C.
Attorneys for Relator

By: _____
David A. Zarett, Esq.
WEISS ZARETT BRONFMAN SONNENKLAR & LEVY, P.C.
3333 New Hyde Park Road, Ste. 211
New Hyde Park, New York 11042
Tel. (516) 627-7000

Settlement Agreement, Civil Action No. 12-CV-5142
*U.S. et al. ex rel. Gelman vs. Glenn J. Donovan, DPM et al.*

**SO ORDERED**

_____
HONORABLE RAYMOND J. DEARIE
SENIOR UNITED STATES DISTRICT JUDGE